Nick **BERESKIN**, Appellant,

v.

**STATE** of Alaska, Appellee.

No. A–2107.

Court of Appeals of Alaska.

Oct. 14, 1988.

Brant McGee, Public Advocate, Anchorage, for appellant.

John A. Scukanec, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Nick Bereskin appeals his conviction of two counts of sexual abuse of a minor and one count of sexual abuse of a minor in the second degree. Bereskin argues that the trial court erred in denying his motion to dismiss, which claimed a violation of Bereskin's right to a speedy trial under Alaska Criminal Rule 45. We affirm.

Alaska Criminal Rule 45(b) requires that defendants be brought to trial within 120 days of arrest. Bereskin was arrested on July 25, 1986. The public defender agency was appointed to represent him. Bereskin's trial was originally scheduled for November 3, 1986. At the request of Bereskin's counsel, that date was vacated and trial was reset for December 1. It is undisputed that, when allowance is made for the delay requested by Bereskin's counsel, the December trial date fell within the 120–day speedy trial period.

On November 13, 1986, Bereskin's counsel moved to withdraw due to a conflict of interest. The motion was granted, and substitute counsel was appointed for Bereskin. At a hearing on November 20, Bereskin's new attorney requested a continuance until March of 1987, stating that he could not be prepared in time for trial on December 1.

In response to the court's suggestion that the trial be reset on January 12, 1987, Bereskin's counsel indicated that, although he could be prepared by then, the January date was not acceptable to Bereskin. According to counsel, Bereskin would be willing to waive his speedy trial rights if his case were set for trial in March, but would object to a more limited extension until January.

The court nevertheless rescheduled Bereskin's trial for January 12, noting that Bereskin had not expressed a willingness to proceed without counsel and that counsel could not be prepared by December 1.

Prior to trial, Bereskin moved to dismiss, alleging that his right to a speedy trial had been violated. Superior Court Judge Mark Rowland denied Bereskin's motion to dismiss. Bereskin thereafter entered a plea of no contest, preserving his right to raise the speedy trial issue on appeal. *See Cooksey v. State*, 524 P.2d 1251 (Alaska 1974).

On appeal, Bereskin renews the argument that he raised below. He claims that, because he personally opposed a continuance, postponement of the trial until January 12 resulted in a violation of the 120–day rule, even though his counsel requested the continuance and made it clear that he could not have been prepared for trial on December 1. In support of this argument, Bereskin relies on Alaska Criminal Rule 45(d)(2), which allows a period of delay to be excluded from the 120–day speedy trial rule when that period results "from an adjournment or continuance granted at the timely request or with the consent of the defendant *and* his counsel." (Emphasis added). Bereskin maintains that, since the rule requires the consent of both the "de-

fendant and his counsel," exclusion from the speedy trial period under subparagraph (d)(2) is impermissible when the defendant expressly objects to a period of delay.

In the circumstances of the present case, however, we find it unnecessary to decide whether time could properly be excluded under subparagraph (d)(2). Here, the record establishes that an independent basis for exclusion of time existed under subparagraph (d)(1) of Rule 45.

Under Alaska Criminal Rule 45(d)(1), periods of delay may be excluded from the 120–day speedy trial rule when they result from "other proceedings concerning the defendant." The Alaska Supreme Court has held that delay resulting from a defense counsel's motion to withdraw falls within the "other proceedings" exclusion of subparagraph (d)(1). *See Linden v. State*, 598 P.2d 960 (Alaska 1979). The exclusion specified in subparagraph (d)(1) is not predicated on the consent of the defendant or the defendant's counsel.

In the present case, it is undisputed that Bereskin's new counsel was incapable of being prepared to proceed with trial on December 1. The delay until January 12 was necessary to assure adequate time for counsel to prepare. Because the delay was necessary in light of the last minute withdrawal of Bereskin's initial counsel, the period between December 1 and January 12 was excludable under Criminal Rule 45(d)(1). It is immaterial that the delay occurred through no fault of Bereskin's. *See Stobaugh v. State*, 614 P.2d 767 (Alaska 1980).

Accordingly, we conclude that the trial court did not err in denying Bereskin's motion to dismiss.

The conviction is AFFIRMED.